IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

DEREK W.,[1]

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. 6:17-cv-01955-AA
**OPINION AND ORDER**

AIKEN, District Judge:

DEREK W. ("Plaintiff") brings this action under the Social Security Act ("Act"), 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner"). The Commissioner denied Plaintiff's applications for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") on July 25, 2016 and July 28, 2016, respectively. For the reasons below, the Court AFFIRMS the Commissioner's decision.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the nongovernmental party or parties. Where applicable, this opinion uses the same designation for a nongovernmental party's immediate family member.

Page 1 – OPINION AND ORDER

## BACKGROUND

Plaintiff applied separately for SSI and DIB in November 2014. Following denials at the initial and reconsideration levels, an administrative law judge ("ALJ") held hearings and issued unfavorable decisions in July 2016. After the Appeals Council denied his request for review, Plaintiff filed a timely complaint in this Court seeking review of the ALJ's decision.

## STANDARD OF REVIEW

42 U.S.C. § 405(g) provides for judicial review of the Social Security Administration's disability determinations: "The court shall have power to enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." In reviewing the ALJ's findings, district courts act in an appellate capacity not as the trier of fact. *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989). The district court must affirm the ALJ's decision unless it contains legal error or lacks substantial evidentiary support. *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014) (citing *Stout v. Comm'r of Soc. Sec.*, 454 F.3d 1050, 1052 (9th Cir. 2006)). Harmless legal errors are not grounds for reversal. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). "Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522 (9th Cir. 2014) (citation and internal quotation marks omitted). The complete record must be evaluated and the evidence that supports and detracts from the ALJ's conclusion must be weighed.

*Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001). If the evidence is subject to more than one interpretation but the Commissioner's decision is rational, the Commissioner must be affirmed, because "the court may not substitute its judgment for that of the Commissioner." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

## COMMISSIONER'S DECISION

The initial burden of proof rests on a claimant to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, a claimant must show an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A).

To determine whether a claimant is disabled, an ALJ must employ a five-step sequential analysis, determining: "(1) whether the claimant is 'doing substantial gainful activity'; (2) whether the claimant has a 'severe medically determinable physical or mental impairment' or combination of impairments that has lasted for more than 12 months; (3) whether the impairment 'meets or equals' one of the listings in the regulations; (4) whether, given the claimant's 'residual functional capacity,' the claimant can still do his or her 'past relevant work' and (5) whether the claimant 'can make an adjustment to other work.'" *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 20 C.F.R. §§ 404.1520(a), 416.920(a)).

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity from his alleged onset date of October 16, 2009 through his date of last

insured of December 31, 2010 for his DIB application. The ALJ also found that Plaintiff had not engaged in substantial gainful activity for his SSI application since November 12, 2013. At step two, the ALJ found that Plaintiff had the severe impairment of degenerative disc disease. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the requirements of a listed impairment.

The ALJ then assessed Plaintiff's residual functional capacity ("RFC"). 20 C.F.R. § 404.1520(e); § 416.920(e). The ALJ found that Plaintiff

> has the [RFC] to perform light work as defined in 20 CFR 404.1567(b) in which he lifts and carries up to 20 pounds occasionally and 10 pounds frequently; sits, stands, or walks for six hours each in an eight hour day; occasionally climbs ramps or stairs; never climbs ladders, ropes, or scaffolds; frequently balances; occasionally kneels, stoops, or crouches; never crawls; and has no more than occasional exposure to vibrations and hazards such as dangerous moving machinery and unprotected heights.

Tr. 26. At step four, the ALJ found that Plaintiff could not perform past relevant work. At step five, the ALJ found that there were other jobs existing in significant numbers in the national economy that Plaintiff could perform, including office helper, photocopy machine operator, and ticket seller. The ALJ thus found that Plaintiff was not disabled under the Act.

## DISCUSSION

There are two issues before me: (1) whether the ALJ gave legally sufficient reasons to reject Plaintiff's subjective symptom testimony and (2) whether the ALJ gave legally sufficient reasons to discount the medical opinions of Drs. Wendling and Jarvis. Each issue will be addressed in turn.

I.    Plaintiff's Symptom Testimony

Plaintiff argues that the ALJ erred in discounting his subjective symptom testimony. I disagree.

There is a two-step process for evaluating a claimant's testimony about the severity and limiting effect of the claimant's symptoms. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)). When doing so, "the claimant need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996).

"Second, if the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Lingenfelter*, 504 F.3d at 1036 (quoting *Smolen*, 80 F.3d at 1281). It is "not sufficient for the ALJ to make only general findings; he must state which pain testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Those reasons must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit

the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (citing *Bunnell*, 947 F.2d at 345-46).

Effective March 16, 2016, the Commissioner superseded Social Security Rule ("SSR") 96-7p governing the assessment of a claimant's "credibility" and replaced it with a new rule, SSR 16-3p. *See* SSR 16-3p, *available at* 2016 WL 1119029. SSR 16-3p eliminates the reference to "credibility," clarifies that "subjective symptom evaluation is not an examination of an individual's character," and requires the ALJ to consider all of the evidence in an individual's record when evaluating the intensity and persistence of symptoms. *Id.* at *1-2. The Commissioner recommends that the ALJ examine "the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." *Id.* at *4. The Commissioner recommends assessing: (1) the claimant's statements made to the Commissioner, medical providers, and others regarding the claimant's location, frequency, and duration of symptoms, the impact of the symptoms on daily living activities, factors that precipitate and aggravate symptoms, medications, and treatments used, and other methods used to alleviate symptoms; (2) medical source opinions, statements, and medical reports on the claimant's history, treatment, responses to treatment, prior work record, efforts to work, daily activities, and other information on the intensity, persistence, and limiting effects of an individual's symptoms; and (3) non-medical source statements, considering how consistent those

statements are with the claimant's statements about his or her symptoms and other evidence in the file. *See id.* at *6-7.

The ALJ's credibility decision may be upheld overall even if not all of the ALJ's reasons for rejecting the claimant's testimony are upheld. *See Batson*, 359 F.3d at 1197. The ALJ may not, however, make a negative credibility finding "solely because" the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence." *Robbins*, 466 F.3d at 883.

Here, the ALJ did not err in discounting Plaintiff's subjective symptom testimony. Although the ALJ found that the evidence supported some degree of Plaintiff's alleged symptoms, Plaintiff's statements "concerning the intensity, persistence and limiting effects of these symptoms [were] not entirely consistent with the medical evidence and other evidence in the record." Tr. 60. Before reaching this conclusion, the ALJ explained his findings, citing specific evidence in the record.

For example, the ALJ considered that Plaintiff reported significant improvement in his pain with medication and treatment. Evidence that medical treatment is relieving symptoms can undermine a claim of disability. *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017). The ALJ also considered evidence that Plaintiff engaged in many activities, including working part time as a carpenter, performing household chores, cooking, shopping, taking care of his children, walking for exercise, biking, drawing, and painting. The ALJ permissibly found these activities in tension with Plaintiff's claimed limitations. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (tension between a claimant's alleged

symptom allegations and their activities of daily living is a clear and convincing reason for rejecting a claimant's symptom testimony); *see also Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999) (ability to fix meals, do laundry, work in the yard, and care for children is evidence of ability to work). These are all clear and convincing reasons for discounting Plaintiff's symptom testimony under Ninth Circuit case law. Thus, the ALJ did not err.

Plaintiff argues that a claimant need not show that his impairment could reasonably be expected to cause the symptom severity he has alleged; he only needs to show that it could have reasonably caused some degree of his alleged symptoms. This is not in dispute, but it is only the first step in the two-part analysis under *Vasquez*. The second part of the analysis states that the ALJ may reject a claimant's testimony by offering clear and convincing reasons. As explained above, I find that the ALJ did so. *See Lingenfelter*, 504 F.3d at 1036.

## II. Opinions of Drs. Wendling & Jarvis

Plaintiff argues that the ALJ improperly discounted the opinions of Dr. Wendling and Jarvis. I disagree.

The ALJ is responsible for resolving conflicts in the medical record, including conflicts among physicians' opinions. *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008); *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir.1992). The Ninth Circuit distinguishes between the opinions of three types of physicians: treating physicians, examining physicians, and nonexamining physicians. Generally, "a treating physician's opinion carries more weight than an

examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001). If a treating physician's opinion is supported by medically acceptable techniques and is not inconsistent with other substantial evidence in the record, the treating physician's opinion is given controlling weight. *Id.*; *see also* 20 C.F.R. § 404.1527(d)(2). A treating doctor's opinion not contradicted by the opinion of another physician can be rejected only for "clear and convincing" reasons. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). If a treating doctor's opinion is contradicted by the opinion of another physician, the ALJ must provide "specific and legitimate reasons" for discounting the treating doctor's opinion. *Id.*

An ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of an examining physician. *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990). If the opinion of an examining physician is contradicted by another physician's opinion, the ALJ must provide "specific, legitimate reasons" for discrediting the examining physician's opinion. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). An ALJ may reject an examining, nontreating physician's opinion "in favor of a nonexamining, nontreating physician when he gives specific, legitimate reasons for doing so, and those reasons are supported by substantial record evidence." *Roberts v. Shalala*, 66 F.3d 179, 184 (9th Cir. 1995), *as amended* (Oct. 23, 1995).

Specific, legitimate reasons for rejecting a physician's opinion may include its reliance on a claimant's discounted subjective complaints, inconsistency with medical records, inconsistency with a claimant's testimony, and inconsistency with a

claimant's daily activities. *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008); *Andrews*, 53 F.3d at 1042–43. If an ALJ's decision is rational, its decision should be upheld. *Ryan v. Comm'r Soc. Sec. Admin.*, 528 F.3d 1194, 1198 (9th Cir. 2008).

Here, the ALJ did not err in discounting the opinions of Drs. Wendling and Jarvis, both consultative physicians to whom the Social Security Administration referred Plaintiff. With respect to Dr. Wendling's opinion, the ALJ gave partial weight to his opinion but found that the degree of restriction recommended by Dr. Wendling "was not consistent with an almost entirely normal examination, and while the positive findings might justify a limitation to light work, they would not explain why [Plaintiff] could only stand or walk for four hours" at a time or needed frequent positional changes. Tr. 28. Under *Tommasetti*, inconsistency between a doctor's findings and recommendations is grounds to discount the doctor's opinion. *See* 533 F.3d at 1041. Although Dr. Wendling attributed these limitations to Plaintiff's decreased range of motion, the ALJ noted an inconsistency in that analysis because Plaintiff retained forward flexion of the back to 70 degrees. Furthermore, while Dr. Wendling's examination followed the two reviewing doctors, his recommendations were different but were not adequately explained. This inconsistency between the findings of the doctors and their recommendations, when coupled with the almost entirely normal examination, led the ALJ to reject the recommendations of Dr. Wendling.

As for Dr. Jarvis's opinion, the ALJ discounted the bulk of his opinion and recommendation. An opinion of a doctor that is brief, conclusory, or speculative may

be discredited by an ALJ. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). The ALJ found that although Dr. Jarvis wrote that he had been Plaintiff's primary care physician since 2010, his notes revealed that he first saw Plaintiff as a new patient in May 2011, more than a year after Plaintiff's alleged onset date. As a result, the ALJ found that Dr. Jarvis's assessment of Plaintiff's symptoms and resulting functioning for the period on or before the date last insured was speculation. Also like in *Bayliss*, the ALJ also noted that Dr. Jarvis's medical opinions lacked supporting clinical signs and findings. *See* 427 F.3d at 1216. For example, the ALJ found that Dr. Jarvis's medical opinions were inconsistent with his own treatment notes, which showed that Plaintiff obtained significant reductions in his pain levels of between 30% to 90% with medication and treatment. As the ALJ also noted, Plaintiff reported to Dr. Jarvis and other physicians that he performed physically demanding activities for weeks at a time after his injury. The ALJ did not simply discredit the medical opinion of Dr. Jarvis without basis, but discounted the bulk of his analysis based on specific and legitimate reasons which were based on substantial evidence in the record. Thus, the ALJ provided legally sufficient reasons for discounting Dr. Jarvis's opinions and placing more weight on the less restrictive limitations noted by Drs. Wiggins and Lloyd.

\ \ \

\ \ \

\ \ \

\ \ \

## CONCLUSION

The Commissioner's decision is AFFIRMED, and this case is DISMISSED.

IT IS SO ORDERED.

Dated this 9th day of July, 2019.

                                  Ann Aiken
                         United States District Judge